**FILED**

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

JAN 3 0 2017

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | () | |
| | () | |
| V. | () | CAUSE NO. SA-11-CR-263(OG) |
| | () | |
| ALEXIS NICOLE CRUZ-SERNA | () | |

**AGREED ORDER REVOKING SUPERVISED RELEASE**

On this day came on to be considered the Government's petition to revoke Alexis Nicole Cruz Serna's term of supervised release. Through their signatures below, the parties have recommended a disposition supported by findings set forth below. Through their signatures below, the parties have recommended a disposition, in which the Defendant's probation officer and the Court concur, supported by findings set forth below.

I. Findings

*Supervised release violations.*

**The defendant shall not commit another federal, state, or local crime during the term of supervision.**

On August 1, 2015, the offender committed the offense of Failing to Stop and Provide Information. According to the police report, the offender struck a vehicle and initially fled the scene. She later returned, and the police officer found that she had three outstanding traffic warrants. She was subsequently arrested and charged.

The case is pending in County Court at Law #11, under case number 496955, and was set for hearing on July 1, 2016; however, the offender failed to appear in court and a warrant was issued for her arrest.

**The defendant shall not commit another federal, state, or local crime during the term of supervision.**

On March 2, 2016, the offender committed the offense of Possession of a Controlled Substance. According to the police report, the offender was reportedly acting suspicious while sitting in her vehicle. Upon contact, she was found to be in possession of Methamphetamine.

The offender provided an affidavit written by another individual stating the Methamphetamine was not hers. The case is pending in Fort Bend County 240th District Court, under case number case number 16-DCR-072757, and is set for hearing on July 18, 2016

**The defendant shall not commit another federal, state, or local crime during the term of supervision.**

On May 26, 2016, the offender committed the offense of Forgery Financial Instrument. According to the Bandera City Marshal's Office, the offender passed two forged checks in Bandera County, TX.

The case will be heard by the Grand Jury in the 198th Judicial District Court, Bandera County, Texas. The court date is pending.

The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

**On June 10, 2016, the offender failed to inform the probation officer of a change m employment.**

**The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.**
On June 10, 2016, the offender reported she was employed by Mr. Alex Alanis with Alanis Towing, which was determined to be false. Mr. Alanis denied recent employment with his company.

*Defendant's acknowledgments.* The Defendant acknowledges that: (1) upon revocation of her supervised release, the Court could assess imprisonment up to a statutory maximum of thirty six

2

(36) months, to be followed by lifetime supervised release, and re-impose any unpaid monetary sanction; (2) the parties project her non-binding revocation policy-statement imprisonment range to be six (6) to twelve (12) months; (3) the United States bears the burden of proving charged violations of supervised release by a preponderance of the evidence; (4) the Defendant does not contest the above-related factual summary of the evidence of her misconduct; and (5) the Defendant acknowledges that the United States could prove such misconduct by a preponderance of the evidence. Counsel for the Government has conferred with the U.S. Probation Officer, and the Officer agrees with the parties that this sentence within the guideline range is appropriate.

*Defendant's waiver of rights.* Through their signatures below, the Defendant and her attorney specifically assert, and the Court finds, that she voluntarily, knowingly and intelligently waives her rights under Federal Rules of Criminal Procedure 32.1(b)(2) and 43, and under Title 18 U.S.C. § 3583, to be present and participating with her lawyer at a final revocation hearing. Accordingly, the Defendant requests that the Court enter this Order forthwith without the necessity of any further hearing or appearance by him or her counsel or counsel for the Government.

*Defendant's plea of true.*

As evidenced by her signature below, and that of her attorney, the Defendant acknowledges that she has reviewed the Supervision

Violations set forth herein with her counsel, that the Defendant acknowledges that these violations are true, and that the Defendant pleads true to these violations.

## II. Order

In view of the foregoing, based on the Defendant's uncontested violation of her supervised release, for which there is adequate factual basis as summarized above, the Court enters the following Order:

1. Defendant's term of supervised release is revoked pursuant to Title 18 U.S.C. § 3583(e).

2. Defendant is remanded to the custody of the Bureau of Prisons for NINE (9) MONTHS with credit for time served, and with no supervised release to follow.

IT IS SO ORDERED on this the 40 day of JAN, 2017.

_____
ORLANDO GARCIA
United States District Court
Western District of Texas


UNDERSTOOD AND AGREED TO IN EVERY RESPECT:

_____        1-25-17
ALEXIS NICOLE CRUZ-SERNA               Date
Defendant

4

_____
DOUGLAS S. DANIEL
Attorney for Defendant

1-25-2017
Date

_____
SAM L. PONDER
Assistant United States Attorney

January 23, 2017
Date